J-S26030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE SMITH | : | |
| | : | |
| Appellant | : | No. 325 EDA 2022 |

Appeal from the PCRA Order Entered January 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000531-2013

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 18, 2023**

Terrance Smith appeals from the order denying without a hearing his

first timely petition filed under the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court summarized the pertinent facts as follows:

The relevant facts occurred on the evening of September 1, 2012. Johmeen Washington, the victim, arrived at the Whitehall Apartments in the City and County of Philadelphia to attend a birthday party at his aunt's home. Washington possessed a pistol he had used to practice shooting at a gun range earlier that day. At the apartment complex, Washington was confronted by his ex-girlfriend's brother, Laquan Hayes, and the two argued about Washington's recently terminated relationship with Hayes' sister. Washington walked away, went to his aunt's apartment to deliver a birthday card to his little cousin, then walked back to his car to leave the apartment complex. On the way back to his car, Washington passed Khali Boyd. Boyd and Hayes are cousins. Wahington and Boyd proceeded to walk together towards Washington's car, when Hayes appeared on a bicycle, riding up beside Washington. Hayes and Washington once again exchanged words, with Hayes telling Washington that he should "take [him]

out right now." [Smith] approached Washington from behind, raised a gun to his head, and patted Washington down as he told him "I'm going in your pockets to get your gun." As Washington attempted to seize [Smith's] gun, [Smith] shot Washington in the abdomen. Washington retrieved his pistol from the ground and fired several shots toward his assailants. Police arrived at the Whitehall Apartments at approximately 8:52 P.M. and transported Washington to Temple Hospital. He was treated for his injuries, including a spinal cord injury which left him permanently paralyzed from the waist down.

PCRA Court Opinion, 7/12/22, at 1-2 (citations omitted).

Following his arrest on multiple charges, Smith's jury trial began on June 2, 2016. On June 13, 2016, the jury returned a guilty verdict of attempted murder and related charges. On August 23, 2016, the trial court sentenced Smith to an aggregate term of twenty to forty-five years of imprisonment. The trial court denied Smith's timely-filed post sentence motions.

Smith appealed. On March 31, 2017, this Court dismissed his appeal because he failed to file a docketing statement. Thereafter, Smith filed a PCRA petition, which the court granted, and therefore reinstated Smith's appellate rights on July 18, 2017. That same day, Smith filed a *nunc pro tunc* appeal. On November 18, 2019, this Court affirmed his judgment of sentence, and on February 19, 2020, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Smith**, 224 A.3d 752 (Pa. Super. 2019), *appeal denied*, 225 A.3d 1100 (Pa. 2020).

On April 24, 2020, Smith filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On February 3, 2021, PCRA counsel filed an amended PCRA petition. Thereafter, the Commonwealth filed a motion to

dismiss. On November 1, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Smith's petition without a hearing. Smith did not file a response. By order entered January 13, 2022, the PCRA court granted the Commonwealth's motion to dismiss Smith's petition. This appeal followed. Both Smith and the PCRA court have complied with Pa.R.A.P. 1925.

Smith raises the following six issues on appeal:

I.    Whether the PCRA court erred in denying [Smith's] PCRA petition without an evidentiary hearing on the issues presented in the amended PCRA petition[:]

   A. Whether counsel was ineffective for failing to investigate[.]

   B. Whether counsel was ineffective for failing to call witnesses[.]

   C. Whether counsel was ineffective for failing to file a weight of the evidence motion.

   D. Whether counsel was ineffective for failing to properly argue the discretionary sentence issue[.]

   E. Whether counsel was ineffective for failing to object to not having the prison phone tapes played in open court[.]

Smith's Brief at 7 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [*See* Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted). Regarding a claim that counsel was ineffective:

It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. *Commonwealth v. Brown*, 196 A.3d 130, 150–51 (Pa. 2018).

*Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation formatting altered).

Moreover, we note that a defendant claiming he or she received ineffective assistance of counsel must allege sufficient facts from which a court can determine counsel's effectiveness. Pa.R.Crim.P. 902(A)(12); *see also Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981) (stating that a defendant may not argue ineffectiveness in a vacuum). Where the facts do not appear of record, the defendant must identify "any affidavits, documents, and other evidence showing such facts[.]" Pa.R.Crim.P. 902(A)(12)(b); *Pettus*, 424 A.2d at 1335 (explaining that when a defendant claims

ineffectiveness he or she must set forth an offer to prove at an appropriate hearing facts upon which a reviewing court can conclude that trial counsel may have been ineffective).

In his first issue, Smith claims that trial counsel was ineffective "when he failed to do any investigation on the case." Smith's Brief at 14. In his supporting argument, Smith contends that trial counsel made no attempt to obtain video camera footage from a nearby business "that would have shown [his] location at the time of the shooting." *Id.* (footnote omitted). He also asserts that trial counsel "failed to inquire whether any witnesses could be located who were present at or near the scene." *Id.* Additionally, Smith contends that he provided trial counsel "with people who were present at the shooting and counsel failed to interview or attempt to interview [them]." *Id.* According to Smith, trial counsel "provided ineffective assistance of counsel for failing to locate and investigate witnesses at the scene and the video which would have shown that [he] was not involved [in the shooting]." *Id.* at 15.

Counsel has a duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. ***Commonwealth v. Basemore***, 744 A.2d 717, 713 (Pa. 2000) (citation omitted). As this Court has summarized:

> The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a [PCRA] petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness,

- 5 -

the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

*Commonwealth v. Pander*, 100 A.3d 626, 638-39 (Pa. Super. 2014) (citation omitted).

Here, the PCRA court found that Smith did not establish a factual issue as to this claim:

> [Smith] claimed that trial counsel was ineffective for failing to investigate the facts of the case, and that counsel failed to locate and subpoena a video camera on the 4700 block of Tackawanna Street. According to [Smith], the video would have shown him at the time of the shooting. [Smith] also claims that trial counsel was ineffective for failing to investigate and locate any possible witnesses. "A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness." *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007). [Smith] broadly claims that counsel failed his duty to investigate and briefly mentions that he told counsel about this video surveillance that "would have shown [Smith's] location at the time of the shooting;" however, this claim is not fully developed, and it is unclear whether counsel followed a different defense strategy in which counsel had a reasonable strategic basis for his act or omission. [Smith] did not supplement this petition with any evidence that there was even a surveillance video at this location. Without more information this claim lacked merit and was undeveloped.

PCRA Court Opinion, 7/12/22 at 5. We agree.

As noted above, ineffectiveness claims are not self-proving. *Pettus*, *supra*. In his brief, Smith contends that the video "camera was at the Chinese store but the store no longer exists today." Smith's Brief at 14 n.1. Nevertheless, without proffering any evidence that the video footage existed, Smith's claim fails. Moreover, while the PCRA court did not address Smith's

claim that trial counsel did not investigate witnesses that were at the scene, at least for this issue, Smith provides no names or proffers any further information. Thus, we concur with the PCRA court's conclusion that Smith has not developed his ineffectiveness claim; Smith's first issue warrants no relief.

In his second issue, Smith claims that trial counsel was ineffective for failing to call James Watts and Kyhir Armstrong as defense witnesses at his trial. According to Smith, both of these witnesses would have testified that he was not at the scene of the shooting. Furthermore, Smith avers that they both wanted to testify at trial but were never contacted. Smith's Brief at 17.

In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witnesses; (4) the witness was willing to testify for the defense; and (5) absence of the testimony of the witness was so prejudicial that it deprived a defendant of a fair trial.

**Commonwealth v. Matias**, 63 A.3d 807, 810-11 (Pa. Super. 2013) (citation omitted). "Prejudice" as used in this test, requires the petitioner to "show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." **Commonwealth v. Selenski**, 228 A.3d 8, 16 (Pa. Super. 2020) (citation omitted). Thus, "the petitioner's burden is to show

that testimony provided by the uncalled witnesses would have been helpful to the defense." *Id.*

The PCRA court concluded that Smith failed to meet his burden under *Matias*, *supra*. The court explained:

> [Smith] claimed that he advised trial counsel of two witnesses[,] James Watts and Kyhir Armstrong. The counseled amended PCRA petition states that both witnesses told PCRA counsel that they wanted to testify but they were not contacted to testify. However, there are no affidavits attached to the PCRA petition. The amended PCRA petition states that the affidavits will be attached when received. [Smith] claims that the witness testimony would have negated the Commonwealth's theory of the shooting. The petition states that James Watts told PCRA counsel that "he was with [Smith] on the corner at the time of the shooting. He heard the shots so that [Smith] could not have been involved. Kyhir Armstrong told PCRA counsel "she was coming out of her aunt's house looking for her daughter when the shooting started, she saw [Smith] on the street so he could not have been involved." Both witnesses' statements of what they would have testified to is nonspecific. These statements do not detail where this corner was [in relation to] where the shooting took place. Moreover, this petition has not been supplemented with the witness affidavits. This claim is not fully developed without more specifics and without more details and the affidavits it fails to lack merit.

PCRA Court Opinion, 7/12/22, at 6. Once again, we agree with the PCRA court's conclusion that Smith's claim is undeveloped.

Smith's claims to the contrary are unavailing. In his brief, he acknowledges that trial counsel called two defense witnesses who testified that Smith was standing on a porch with them at the time of the shooting. Smith's Brief at 18 (citing N.T., 9/10/16, at 5-20). Nevertheless, Smith argues that purported testimony of Watts and Armstrong, "were crucial to [his]

defense." Smith's Brief at 18. He provides no other explanation to support this claim, and it appears that their testimony would only serve to corroborate the testimony of the witness called at his trial. Moreover, although PCRA counsel informed the court that these witnesses' affidavits would be attached when received, the PCRA court did not have them prior to dismissing his petition. Indeed, nowhere in his brief does Smith state that the affidavits were ever received by him. Hearsay statements from PCRA counsel are not sufficient to warrant an evidentiary hearing. ***See Commonwealth v. Clark***, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence). Thus, Smith's second ineffectiveness claim fails.

In his third claim, Smith asserts that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence supporting his convictions. Before determining ineffectiveness, we first determine the merits of Smith's underlying claim.

This Court summarized the law regarding challenges to the weight of the evidence as follows:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so

clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock it conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (citations omitted). As often reiterated, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Cousar*, 928 A.2d 1025, 1036 (Pa. 2007).

Here, the PCRA court found that Smith's ineffectiveness claim lacked arguable merit, because instead of arguing weight of the evidence, in essence, Smith merely sought to relitigate his sufficiency claim that was rejected on direct appeal:

To satisfy the first prong [of the ineffectiveness test], the claim must be of arguable merit. On direct appeal, [Smith] argued that the evidence was insufficient to sustain his conviction for attempted murder because he claimed the evidence did not establish his intent to kill the victim. The Superior Court found there was no merit to this claim. Here [Smith] claimed that the evidence was not sufficient to establish beyond a reasonable doubt that he committed the crime. [He] attacks the victim's identification of him. According to the petition, the victim was unable to identify the shooter until he pointed out [Smith] from a photo array. However, [Smith] does not elaborate as to why the photo identification was not reliable. [He] has failed to satisfy his burden of proof, especially considering the degree of deference case law affords the fact finder. The verdict does not shock the conscience and therefore is not of arguable merit.

PCRA Court Opinion, 7/12/22, at 7-8.

Our review of the record supports the PCRA court's conclusions. In arguing to the contrary, Smith merely repeats his claim that the evidence "was not sufficient to establish beyond a reasonable doubt that that [he] committed the offenses." Smith's Brief at 19. He further argues, without specifics, that the victim's identification of him was unreliable, and the guilty verdicts were therefore "based on conjecture and surmise." This claim warrants no relief. As noted above, "[t]he weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Gonzalez*, *supra*. Thus, in the instant case, the jury was free to credit the victim's identification testimony. Smith's third ineffectiveness claim fails.

In his fourth claim, Smith contends that trial counsel was "ineffective for failing to properly argue the discretionary sentence issue." Rule 1925(b) Statement, 6/7/22, at 2. On direct appeal, we concluded that Smith's challenge to the discretionary aspects of his sentence was waived because the specific claim he raised on appeal, the Commonwealth's introduction of his prior arrests, was not raised in his post-sentence motion. *Smith*, non-precedential decision at 11-12. Notwithstanding waiver, however, in a footnote, we explained how the claim lacked merit even if it had been preserved:

> When sentencing [Smith] below, the court recognized that the case had been *nolle prossed* and merely referred to it as one in a long list of criminal cases in which [Smith] had been involved, including two juvenile adjudications for delinquency, nineteen arrests and seventeen convictions. As the Commonwealth notes,

- 11 -

> this extensive criminal history is certainly relevant to the court's duty to protect the public when imposing sentence. [Smith] makes no meaningful attempt to explain, and we fail to see, how the sentencing court committed a manifest abuse of discretion under the circumstances.

*Id.* at 12 n.6 (citations omitted).

Here, the PCRA court interpreted Smith's Rule 1925(b) statement to challenge trial counsel's failure to preserve the issue of the Commonwealth's introduction of Smith's prior arrests at sentencing. *See* PCRA Court Opinion, 7/12/22, at 8. In finding no arguable merit to this claim, the PCRA court agreed with this Court that Smith's prior arrests could be considered during sentencing. *Id.*

On appeal, Smith repeats his argument that the trial court should not have considered his arrest that was *nolle prossed*. As noted above, both this Court and the PCRA court found no merit to this claim. In his brief, Smith additionally argues that we should vacate his sentence "because the sentence imposed by the trial court, in light of the record, raises serious doubts that the trial court properly considered the general [sentencing] guidelines provided by the Legislature." Smith's Brief at 20. We note that Smith improperly raises this claim for the first time on appeal. *See generally*, Pa.R.A.P. 302(a). Thus, Smith's fourth claim of trial counsel's ineffectiveness fails.

In his fifth claim, Smith faults trial counsel for failing to object to the trial court's decision to allow "his prison phone tapes to be played in the jury

room supervised by two court officers, rather than playing the tapes in open court, before the [trial court], counsel and [Smith]." Smith's Brief at 22.

The PCRA court found no merit to this claim:

> [Smith] claimed that his trial counsel was ineffective for failing to object to the jury's request to play previously introduced prison tapes in the jury room during deliberations. However, as the Commonwealth noted in their motion to dismiss, [trial] counsel raised this same argument in his post-sentence motion, which the trial court rejected. The prison phone calls included [Smith] placing himself at the scene, having knowledge that [the victim] was paralyzed, and trying to convince [the victim's] mother not to testify.
>
> [A] trial court's decision regarding materials that may be taken out with the jury will not be reversed unless there is an abuse of discretion or a violation of court rules. [Smith] was unable to show that there was arguable merit to this claim or that he was prejudiced by [trial] counsel's failure to object because it is unlikely the objection would have changed the outcome of the proceedings.

PCRA Court Opinion, 7/12/22, at 8-9 (citations omitted).

Our review reveals that a discussion about the playing of the prison tapes was initiated after the jury asked to see the transcripts of prison tapes during their deliberations. In his brief, Smith reproduces the discussion between the trial court and the parties, as well as the court's instruction to the jury about how and where the tapes will be played.[1] *See* Smith's Brief at 22-23. However, Smith provides no other argument or citation to case

---

[1] Although the jury requested the transcripts, the court ultimately denied that request, but instead allowed the tapes to be replayed in the jury deliberation room.

- 13 -

authority to support his claim that trial counsel was ineffective for failing to object to this process. Thus, this claim is woefully undeveloped, and we will not consider it further. **_See Commonwealth v. Tielsch_**, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

In sum, Smith's claims of ineffectiveness are either undeveloped or without merit. Thus, we reject Smith's final issue claiming the PCRA court erred in dismissing his petition without a hearing. We therefore affirm the PCRA court's order denying Smith post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 18, 2023</u>